**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Betty Davis, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 9615 |
| PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group, a Delaware limited liability company, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Betty Davis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Betty Davis ("Davis"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt owed for a Target credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4. Defendant, PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group ("Portfolio"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

6. Defendant Portfolio operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. To that end, Defendant Portfolio is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Portfolio conducts extensive business in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Davis is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Target credit card. When Defendant Portfolio bought this debt and began trying to collect this debt from Ms. Davis, by having its sister company, Phillips & Cohen, Ltd. ("P&C") send her a collection letter, she turned the matter over to her attorneys at LASPD in Chicago, Illinois.

8. Accordingly, on October 27, 2008, one of Ms. Davis' attorneys at LASPD informed Defendant Portfolio, through its sister company P&C, that Ms. Davis was represented by counsel, and directed it to cease contacting her, and to cease all further collection activities because Ms. Davis was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

9. Instead of ceasing collection, Defendant Portfolio had its sister company P&C, send Ms. Davis a collection letter, dated November 21, 2008. A copy of this letter is attached as Exhibit C.

10. Accordingly, on January 12, 2009, one of Ms. Davis' attorneys at LASPD had to again inform Defendant Portfolio, through its sister company, that it had to cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. In utter disregard of the law, Defendant Portfolio hired the Law Offices of Mitchell N. Kay, to demand payment of the Target debt, which did so by sending Ms. Davis a collection letter dated April 30, 2009. A copy of this letter is attached as Exhibit E.

12. Because of the unrelenting, illegal collection actions related to the Target debt, on June 9, 2009, Ms. Davis was forced to sue Defendant Portfolio's related/sister company, in a lawsuit styled Waller, et.al. v. Phillips & Cohen Associates, Ltd., No. 09 C 3505 (N.D. Ill.). That lawsuit was resolved via a settlement on August 14, 2009.

13. Unbelievably, Defendant Portfolio then had another debt collector send Ms. Davis yet another collection letter, dated October 23, 2012. A copy of this letter is

3

attached as Exhibit F.

14. Accordingly, on November 13, 2012, Ms. Davis' LASPD attorney again wrote Defendant Portfolio a letter, in care of its latest collection agency, once again directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached at Exhibit G.

15. All of Defendant Portfolio's collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendant Portfolio's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And To Cease Collections**

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Ms. Davis' attorney/agent, LASPD, and the prior lawsuit, told Defendant to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit F), Defendants violated § 1692c(c) of the FDCPA.

20. Defendant Portfolio's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15

U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendant Portfolio knew, or readily could have known, that Ms. Davis was represented by counsel in connection with her debts because her attorneys had informed Defendant, in writing and via the prior lawsuit, that Ms. Davis was represented by counsel, and had directed a cessation of communications with Ms. Davis.  By directly sending Ms. Davis a collection letter (Exhibit F), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendant Portfolio's violation of § 1692c(a)(2) of the FDCPA renders it for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Betty Davis, prays that this Court:

1.     Find that Defendant Portfolio's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Betty Davis, demands trial by jury.

                                                               Betty Davis,

                                                               By: /s/ David J. Philipps
                                                               One of Plaintiff's Attorneys

Dated: December 3, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com